# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPHEN D. SATCHER, | : |
| Petitioner | : |
| v. | :    Civil Action No. AW-12-cv-1679 |
| |        Criminal Action No. AW-00-cr-105 |
| UNITED STATES OF AMERICA | : |
| Respondent | |

******

## MEMORANDUM OPINION

Pending is the Petitioner's Motion to Vacate filed pursuant to 28 U.S.C. §2255 (ECF No. 234), the Government's response (ECF No. 236), and Petitioner's replies.  ECF Nos. 237 & 239.

On April 9, 2002, the Court sentenced Satcher to five concurrently terms of life imprisonment after he pleaded guilty to kidnapping resulting in the death of Jovita Dickerson, conspiracy to kidnap, carjacking resulting in the death of Jovita Dickerson, interstate domestic violence resulting in the death of Jovita Dickerson, and interstate stalking.  ECF No. 228. Satcher did not appeal.  In this case, Satcher's conviction became final when the opportunity to appeal the district court's judgment expired.  *See Clay v. United States*, 537 U.S. 522, 525 (2003).  This means that Satcher's limitations period began to run in 2002, and expired one year later.  *See* Fed. R. App. P. 4.   When Satcher filed the Petition on June 7, 2012, the one-year limitations period had already expired.

Petitioner's reliance on *Bond v. United States*, 131 S.Ct. 2355 (2011)  to assert a jurisdictional error is unavailing as he has failed to show a new right recognized by the Supreme

Court which is applicable on collateral review or assert any new fact in support of his claim.[1] Thus, his motion is untimely under §2255(f).

As previously explained by this Court, to be entitled to equitable tolling, the Petitioner must establish that either some wrongful conduct by Respondent contributed to his delay in filing his Motion to Vacate, or that circumstances beyond his control caused the delay. *See Harris v. Hutchinson*, 209 F. 3d 325, 330 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id*. Petitioner fails to establish factors warranting equitable tolling of the statute of limitations. To the extent the Petitioner is claiming his attorney erred in not challenging the jurisdictional basis for his prosecution, his claim is unavailing. *United States v. Sosa*, 364 F. 3d 507, 512 (4th Cir. 2004) (ignorance of the law even for pro se litigant is insufficient).

Having concluded that the Motion to Vacate was filed beyond the statute of limitations, the Court will dismiss the motion as untimely.[2]

In addition to the above analysis, a certificate of appealability must be considered. Unless a certificate of appealability ("COA") is issued, a petitioner may not appeal the Court's decision in a § 2255 proceeding. *See* 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the

---

[1] Specifically, Satcher maintains that the statutes to which he pleaded guilty were enacted by Congress in violation of the Tenth Amendment. ECF No. 46.
[2] The Court also noted that as part of his plea agreement Satcher waived his right to file a motion to vacate pursuant to §2255.

issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The denial of a COA does not preclude a petitioner from seeking permission to file a successive petition or from pursuing his claims upon receiving such permission. Because the Petitioner has not made a substantial showing of the denial of his constitutional rights, this Court will not issue a COA.

      A separate Order follows.

November 27, 2012                                                         /s/
                                                              Alexander Williams, Jr.
                                                              United States District Judge